IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DONNA VICE<br>36 Lee Drive<br>Tabernacle, NJ 08088<br><br>Plaintiff,<br><br>v.<br><br>INNOVA BURLINGTON CHURCH OPERATIONS, LLC d/b/a THE MT. LAUREL CENTER FOR REHABILIATION AND HEALTHCARE.<br>3718 Church Road<br>Mt. Laurel, NJ 08054<br><br>Defendant. | : : : : : : : : : : : : : : : : : : | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT – CIVIL ACTION

Plaintiff, Donna Vice ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant Innova Burlington Church Operations, LLC ("Defendant"), alleges as follows:

### INTRODUCTION

1. Plaintiff brings this Complaint contending that Defendant has improperly failed to pay her overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New Jersey Wage and Hour Law ("WHL"), N.J.S.A. 34:11-56a, *et seq.* Plaintiff further contends that Defendant violated the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq.* by (1) discriminating against her on the basis of her age (58) and national origin (Italian); and (2) by terminating her in retaliation for voicing complaints of national origin-based discrimination.

## PARTIES

2. Plaintiff Donna Vice is a citizen of the United States and New Jersey, and currently maintains a residence at 36 Lee Drive, Tabernacle, NJ 08088.

3. Upon information and belief, Defendant Innova Burlington Church Operations, LLC, is a corporation organized and existing under the laws of the State of New Jersey with a principle place of business located at 3718 Church Road, Mt. Laurel, NJ 08054. Upon further information and belief, Defendant operates its business as "The Mount Laurel Center for Rehabilitation and Healthcare."

4. Defendant is a "private employer" and covered by the FLSA.

5. Plaintiff was employed by Defendant at all times relevant hereto (i.e. from in or around July 2015 until her termination in or around August 2016, and, as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

## JURISDICTION AND VENUE

6. Paragraphs 1 through 5 are hereby incorporated by reference as though the same were fully set forth at length herein.

7. This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

8. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative facts as the FLSA claims.

10. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendants reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in this district.

**FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF'S FLSA/WHL CLAIMS**

11. Paragraphs 1 through 10 are hereby incorporated by reference as though the same were fully set forth at length herein.

12. Plaintiff began her employment with Defendant in or about July 2015 in Defendant's Human Resources Department. Although no official title was assigned to Plaintiff's position, Plaintiff was primarily responsible for managing payroll for Defendant's nurses.

13. In this regard, Plaintiff's primary duties included, among other things, processing time sheets and exception reports, managing paid time off ("PTO") banks for each nurse, processing applications for medical leave under the Family and Medical Leave Act, and processing IRS employment eligibility verification forms.

14. In carrying out the foregoing duties, Plaintiff typically worked approximately sixty (60) hours per week. Despite the fact that Plaintiff routinely worked in excess of forty (40) hours per week, Plaintiff did not receive any overtime compensation for work performed in excess of forty (40) hours per week.

15. By way of example, during the week of August 1, 2016, Plaintiff worked between 50 and 60 hours. However, as set forth above, Plaintiff was not compensated at a rate of 1.5 times her regular rate of pay for all hours worked over forty during said week.

16. Upon information and belief, Defendant routinely manipulated time records submitted by Plaintiff to eliminate any reflection of the foregoing overtime hours.

17. Plaintiff did not have the authority to hire or fire other employees, nor did she make any suggestions with respect to employee status changes to which Defendant gave significant weight.

18. Thus, Plaintiff was not exempt from overtime compensation pursuant to the exemption for executive employees under the FLSA/WHL.

19. In carrying out her job duties for Defendant – which primarily involved managing payroll and providing basic human resource services for Defendant's nursing staff – Plaintiff did not exercise independent judgment or have discretion to act without supervision with respect to matters of significant to Defendant's business. Rather, Plaintiff was required to follow certain specific procedures and guidelines set forth by Defendant.

20. Moreover, Plaintiff was not permitted to incur expenses or enter into contracts on Defendant's behalf without prior authorization.

21. Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/WHL.

22. Finally, there are no other exemptions under the FLSA/WHL which could arguably be applicable to Plaintiff.

23. Plaintiff was, within the meaning of the FLSA/WHL, a non-exempt employee of Defendant.

24. Defendant failed to pay Plaintiff at a rate of 1.5 times her regular rate of pay for each hour she worked in excess of forty (40) in a workweek.

25. Defendant's supervisor was aware that Plaintiff was regularly working several hours past the nominal end of her scheduled shift.

26. Defendant failed to accurately track and maintain records of Plaintiff's hours worked in violation of the FLSA/WHL.

27. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

**FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF'S LAD CLAIMS**

28. Paragraphs 1 through 27 are hereby incorporated by reference as though the same were fully set forth at length herein.

29. Plaintiff was born on October 18, 1958 and is currently 58 years old.

30. Throughout the course of Plaintiff's employment with Defendant, Plaintiff performed her job well, receiving positive feedback concerning her performance and no significant discipline.

31. Notwithstanding the foregoing, in or about June 2016, one of Defendant's nurses, Audrey (last name unknown) ("Audrey LNU"), filed a grievance through her labor union against Plaintiff due to an incident wherein Plaintiff allegedly yelled at Audrey LNU over a scheduling issue.

32. Specifically, upon Audrey LNU's return from an extended leave of absence in June 2016, Plaintiff contacted Audrey LNU to discuss a change in her scheduled shift. When Audrey LNU responded that no one had contacted her about the change to her schedule, Plaintiff suggested that they meet in person to discuss the same.

33. In response to this suggestion, which Plaintiff relayed in a calm and professional manner, Audrey LNU bizarrely claimed that Plaintiff had "screamed" at her when trying to explain the scheduling change.

5

34. During the grievance hearing conducted as a result of the incident, Plaintiff attempted to provide her side of the story to Defendant's Administrator, Michael Nieman ("Mr. Nieman"), who was presiding over the hearing.

35. While attempting to relay her version of the incident, Plaintiff was interrupted several times by Audrey LNU, who also rolled her eyes at Plaintiff in a clearly condescending and mocking fashion.

36. Accordingly, Plaintiff stated to Audrey LNU that she was being unprofessional and should let her provide her version of the incident. In response, Mr. Nieman, who was not being directly addressed by either Plaintiff or Audrey LNU, interjected himself into the exchange and stated to Audrey LNU "Sorry, you know how loud and emotional those Italians are."

37. Significantly, Plaintiff had previously overheard Mr. Nieman state to one of Defendant's residents, Christine Hogan ("Ms. Hogan"), that "she (referring to Plaintiff) is Italian and doesn't know how to respect people."

38. Moreover, in or about January 2016, Plaintiff had overheard Mr. Nieman claim that all Italians are "crazy" while he was terminating an Italian co-worker, Maria Gommel ("Ms. Gommel.").

39. Shortly following Mr. Nieman's remarks at the grievance hearing, Plaintiff expressed to Mr. Nieman that she found his statement regarding Italians to be both offensive, inappropriate, and discriminatory in that they were based on commonly accepted, but untrue, stereotypes.

40. Suspiciously, merely two months later, in August 2016, Mr. Nieman terminated Plaintiff's employment on the basis that she had allegedly spread rumors to one of Defendant's staff members that he (Mr. Nieman) was involved in sexual relations with one of Defendant's

6

certified nursing assistants ("CNAs"). Specifically, Mr. Nieman stated that Plaintiff had communicated the foregoing rumor to Jessica Saracan ("Mr. Saracan").

41. Critically, besides occasionally greeting each other in passing, Plaintiff had no communications with Ms. Saracan during the course of her employment with Defendant, a fact which Mr. Nieman, in his capacity as Administrator of Defendant's facility, was well aware of. Mr. Nieman was further aware of the fact that Plaintiff and Ms. Saracan, based on their respective job duties, had virtually no cause to interact or communicate with one another.

42. Upon information and belief, Plaintiff's job duties and responsibilities were assumed by a substantially younger individual in his early twenties following her termination.

43. In light of the foregoing, Plaintiff avers that the proffered reason for her termination, i.e. spreading false rumors about Mr. Nieman, was merely pretextual and that she was actually terminated on account of her age, her national origin (Italian) and in retaliation for having voiced complaints of discrimination in connection with her national origin, in violation of the LAD.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

44. Paragraphs 1 through 43 are hereby incorporated by reference as though the same were fully set forth at length herein.

45. Pursuant to Section 206(b) of the FLSA, all non-exempt employees must be compensated for every hour worked in a workweek.

46. Moreover, Section 207(a)(1) of the FLSA states that non-exempt employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

47. According to the policies and practices of Defendant, Plaintiff was required to work in excess of forty (40) hours per week. Despite working in excess of 40 hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of 40 hours per week in violation of the FLSA.

48. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

49. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

50. Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours worked, some of which were in excess of forty (40) hours per week;

B. Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

C. Awarding Plaintiff liquidated damages in accordance with the FLSA;

D. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E. Awarding pre- and post-judgment interest and court costs as further allowed by law;

F. Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## NEW JERSEY WAGE AND HOUR LAW
## N.J.S.A. 34:11-56a, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

51. Paragraphs 1 through 50 are hereby incorporated by reference as though the same were fully set forth at length herein.

52. Plaintiff is an employee covered by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.*, and was thus entitled to the protections therein.

53. The WHL provides than an employer must pay certain wages, including overtime wages, to non-exempt employees. See N.J.S.A. 34:11-56(a)4.

54. The WHL further provides that non-exempt employees must be paid at a rate not less than the greater of 1.5 times the employee's "regular hourly wage," or 1.5 times the minimum wage, for all hours worked over 40 in a workweek. See N.J.S.A. 34:11-56(a)4.

55. By its actions alleged above, Defendant has violated the provisions of the WHL by failing to properly pay overtime compensation.

56. As a result of Defendant's unlawful actions, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts together with interest, costs, and attorneys' fees pursuant to the WHL.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff for the amount of unpaid overtime compensation to which she is entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiff of reasonable attorney's fees and costs pursuant to the WHL; and

C. An award to Plaintiff for any other damages available to her under applicable New Jersey law, and all such other relief as this Court may deem proper.

A. Compensatory, exemplary, and/or punitive damages;

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as the Court deems just and equitable under the circumstances.

### COUNT III
### VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION
### N.J.S.A. § 10:5-1, *et seq.*
### NATIONAL ORIGIN DISCRIMINATION

57. Paragraphs 1 through 56 are hereby incorporated by reference as though the same were fully set forth at length herein.

58. Defendant violated the LAD in that Defendant unlawfully and illegally discriminated against Plaintiff on account of her national origin, Italian.

59. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE,** because of Defendant's unlawful acts, Plaintiff suffered damages in the form of, *inter alia*, loss of past and future wages, compensation, and benefits, loss of reputation

10

and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment, mental anguish, emotional pain and suffering, and emotional distress.

### COUNT IV
### VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION
### N.J.S.A. § 10:5-1, *et seq.*
### RETALIATION

60. Paragraphs 1 through 59 are hereby incorporated by reference as though the same were full set forth at length herein.

61. Defendant violated the LAD in that Defendant unlawfully and illegally retaliated against Plaintiff on account of her complaints of national origin discrimination.

62. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, because of Defendant's unlawful acts, Plaintiff suffered damages in the form of, *inter alia*, loss of past and future wages, compensation, and benefits, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment, mental anguish, emotional pain and suffering, and emotional distress.

### COUNT V
### VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION
### N.J.S.A. § 10:5-1, *et seq.*
### AGE DISCRIMINATION

63. Paragraphs 1 through 62 are hereby incorporated by reference as though the same were fully set forth at length herein.

64. Defendant violated the LAD in that Defendant unlawfully and illegally discriminated against Plaintiff on account of her age, being fifty-eight (58) years old at the time of the unlawful discrimination and being over forty (40) years old.

11

65. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE,** because of Defendant's unlawful acts, Plaintiff suffered damages in the form of, *inter alia*, loss of past and future wages, compensation, and benefits, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment, mental anguish, emotional pain and suffering, and emotional distress.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted

**MURPHY LAW GROUP, LLC**

By: _____
Michael Murphy, Esquire
Daniel Orlow, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
murphy@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: 6/28/17

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.